Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| LEGNIANED MONTALVO ALVARADO<br><br>Recurrido<br><br>v.<br><br>JOSÉ A. RAMOS COLÓN<br><br>Recurrente | KLRA202400196 | *Revisión* procedente del Departamento de la Familia, Administración para el Sustento de Menores<br><br>Caso Núm. 0602577<br><br>Sobre: Alimentos |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

I.

A raíz de una *Petición de Pensión Alimentaria* presentada por la Sra. Legnianed Montalvo Alvarado, el 21 de noviembre de 2023 ASUME emitió *Resolución Dictada en Rebeldía sobre Establecimiento de Pensi[ó]n Alimentaria* en la que ordena al Sr. José Á. Ramos Colón pagar $1,629.33 mensuales de pensión alimenticia y a $23,238.65, por concepto de retroactividad en atraso.

El 26 de diciembre de 2023, recibida el 2 de enero de 2024, el señor Ramos Colón presentó *Moción en Solicitud de Reconsideración y en Solicitud de Vista*. Alegó que no recibió la notificación de la *Resolución*[1] en rebeldía y que, antes de esa, tampoco había recibido ninguna otra notificación ni citación por parte de ASUME. Añadió que había presentado mediante correo postal unas mociones las cuales no habían sido atendidas por ASUME y que solicitó, sin éxito, revisar el expediente administrativo. Finalmente, solicitó que se

---

[1] Resolución Dictada en Rebeldía sobre Establecimiento de Pensi[ó]n Alimentaria del 10 de diciembre de 2023.

Número Identificador

SEN2024_____

celebrara una vista para poder dilucidar las controversias de derechos y hechos.

Celebrada la vista, el 29 de febrero de 2024, notificada el 4 de marzo de 2024, la Sala Administrativa de ASUME emitió *Orden* en la que consignó, que en la vista celebrada la representante legal de ASUME informó que del expediente administrativo no surgían las gestiones realizadas por ASUME para conocer la dirección de la persona no custodia y que, a raíz de esto, ordenaba a ASUME a integrar al expediente administrativo los documentos que acrediten las gestiones de localización realizadas para conocer la dirección de la persona no custodia, en un término de cinco (5) días. **Además, señaló que una vez transcurriera ese término estarían disponiendo del asunto.**

El 15 de abril de 2024 el señor Ramos Colón presentó *Revisión* ante nos. Como único señalamiento plantea que "[e]rr[ó] la Administración para el Sustento de Menores, Sala Administrativa de Caguas, al denegar de plano la reconsideración presentada por la parte no custodia, sobre falta de jurisdicción sobre la persona y defectos en la notificación."

El 18 de abril de 2024 emitimos *Resolución* ordenándole a ASUME a remitir a nuestra consideración copia certificada del expediente administrativo. El 29 de abril de 2024 compareció el Procurador General de Puerto Rico, en representación del Departamento de la Familia y presentó *Moción en Cumplimiento de Resolución*, haciendo entrega de la copia certificada del expediente administrativo. De dicho expediente administrativo surge que, el 24 de abril de 2024 ASUME cumplió con anejar al expediente administrativo los documentos acreditando las gestiones de localización realizadas para conocer la dirección de la persona no custodia.

II.

A.

Es axioma encumbrado y trillado que un recurso prematuro al igual que uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[2] Sin embargo, existe una importante diferencia en las consecuencias que acarrean. La desestimación por tardío priva fatalmente a la parte de poder presentar el recurso nuevamente, ante el mismo foro o cualquier otro. No obstante, la desestimación de un recurso por prematuro permite que la parte que recurre pueda presentarlo nuevamente, una vez el foro apelado resuelve lo que estaba ante su consideración.[3] Según nuestro Tribunal Supremo de Puerto Rico, prematuro es lo que ocurre antes de tiempo; en el ámbito procesal, una revisión o un recurso prematuro es aquel presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción.[4]

La presentación de un recurso prematuro carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa.[5] Ello explica la exigencia y necesidad de presentar un nuevo recurso (con su apéndice) y efectuar su notificación dentro del término jurisdiccional.[6]

Es sabida norma que la jurisdicción es la autoridad que tienen los foros judiciales para atender controversias con efecto vinculante para las partes, por lo que el incumplimiento con estos requisitos

---

[2] *Julia Padró, et al* v. *Vidal, S.E.*, 153 DPR 357, 366 (2001); *Rodríguez* v. *Zegarra*, 150 DPR 649, 654 (2000).
[3] Véase: *Yumac Home* v. *Empresas Masso*, 194 DPR 96, 107 (2015); *Torres Martínez* v. *Ghigliotty*, 175 DPR 83, 97-98 (2008).
[4] *Hernández* v. *Marxuach Const. Co.*, 142 DPR 492, 497 (1997).
[5] *Julia*, 153 DPR, pág. 367; *Rodríguez*, 150 DPR, pág. 654.
[6] *Padilla Falú* v. *Administración de Vivienda*, 155 DPR 183 (2001).

impide que nosotros podamos atender la controversia que se nos presenta.[7] Los tribunales estamos llamados a ser guardianes de la jurisdicción que nos autoriza entender en los méritos de un caso.[8] "Las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras".[9] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[10]

La ausencia de jurisdicción es insubsanable.[11] Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[12] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[13] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.[14]

B.

La Regla 57 de nuestro Reglamento,[15] establece que el término para presentar el recurso de revisión es de "treinta (30) días

---

[7] *Pérez Soto* v. *Cantera Pérez, Inc. y otros*, 188 DPR 98 (2013); *Souffront* v. *AAA*, 164 DPR 663, 674 (2005).

[8] *Torres Alvarado* v. *Madera Atiles*, 202 DPR 495 (2019); *Carattini* v. *Collazo Systems Analysis, Inc.*, 158 DPR 345 (2003); *Vázquez* v. *ARPE*, 128 DPR 513, 537 (1991).

[9] *Ruiz Camilo* v. *Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Morán* v. *Martí*, 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica*, 156 DPR 584, 595 (2002); *Pagán* v. *Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

[10] *Allied Management Group Inc.* v. *Oriental Bank*, 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez*, 128 DPR, pág. 537.

[11] Íd.; *Souffront*, 164 DPR, pág. 674.

[12] *Allied Management Group Inc.*, 204 DPR; *Caratini*, 158 DPR, pág. 356; *Vega*, 156 DPR, pág. 595.

[13] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.*, 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario*, 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group*, 189 DPR 84 (2013); *Hernández* v. *The Taco Maker*, 181 DPR 281 (2011); *Lugo* v. *Suárez*, 165 DPR 729 (2005); *Pellot* v. *Avon*, 160 DPR 125 (2003).

[14] 4 LPRA Ap. XXII-B, R. 83.

[15] 4 LPRA Ap. XXII-B.

contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia". Dicho término es de carácter jurisdiccional, por lo cual, no puede ser prorrogado por justa causa.[16]

Por su parte, la Sección 3.15 de la LPAU,[17] dispone que la reconsideración de una decisión final administrativa debe presentarse dentro del término de veinte (20) días desde su notificación; presentada la misma, **si la agencia tomare alguna determinación en su consideración, el término para presentar el recurso de revisión comenzará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.** Si la agencia no actúa dentro de quince (15) días de presentada la reconsideración, el término para acudir a este Tribunal comienza a decursar una vez expiran los quince (15) días.[18]

Por otro lado, la Sección 4.2 de la Ley Núm. 38-2017,[19] dispone:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

### III.

Como expusimos previamente, el 26 de diciembre de 2023, recibida el 2 de enero de 2024, el señor Ramos Colón presentó

---

[16] *Martínez Inc.* v. *Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).
[17] 3 LPRA § 9655. Énfasis nuestro.
[18] Íd.
[19] 3 LPRA § 9672. Énfasis nuestro.

*Moción en Solicitud de Reconsideración y en Solicitud de Vista.* Acogida la reconsideración, ASUME celebró vista y el 29 de febrero de 2024, notificada el 4 de marzo, emitió *Orden* otorgándole un término de cinco (5) días para que integraran al expediente administrativo los documentos acreditativos de haber realizado gestiones para localizar la dirección de la persona no custodia. No surge del expediente administrativo que ASUME, luego de actuar y acoger la moción de reconsideración, haya emitido una determinación resolviéndola definitivamente.

Ello así, el único curso decisorio a seguir es *desestimar* el recurso incoado.[20] Una vez acogida por la agencia la *Moción en Solicitud de Reconsideración* presentada por el señor Ramos Colón, se interrumpió el término para acudir ante nos. Hasta que el foro recurrido no la resuelva, no tenemos jurisdicción para atender el reclamo del señor Ramos Colón, por haber sido presentado prematuramente.

IV.

Por los fundamentos de derecho antes expuestos, se *desestima* el recurso por falta de jurisdicción al ser prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] *Pérez* v. *C.R. Jiménez, Inc.,* 148 DPR 153, 156 (1999).